JOHN GILLILAN et al., Plaintiffs in Error, *v.* DANIEL S. GRAY et al., Defendants in Error.

ERROR TO McHENRY.

Where process issues to a foreign county, the declaration need not contain any averment as to the residence of the plaintiff, or the accruing of the cause of action; the objection, if any, must be taken by motion, or by plea in abatement.

A general demurrer to a declaration must be overruled, if there is one good count in it.

THE process issued from McHenry to Kane county, and was there served. A declaration was filed; to which a demurrer was interposed, assigning as special causes, that there was no averment in the declaration that the cause of action accrued in the county of McHenry. That there is no averment in the declaration that the plaintiffs, at the time of the commencement of the suit, were residents of the county of McHenry. The court sustained the demurrer, and dismissed the suit. The plaintiffs below excepted, and sued out this writ of error.

The cause was heard before J. G. WILSON, Judge, at March term, 1852, of the McHenry Circuit Court.

C. McCLURE and T. D. MURPHY, for plaintiffs in error.

W. B. PLATO and B. C. COOK, for defendants in error.

TREAT, C. J. The special causes of demurrer presented no valid objection to the declaration. Under the decision of this court, in the case of Kenney *v.* Greer, 13 Illinois, 432, where process issues to a foreign county, the declaration need not contain any averment as to the residence of the plaintiff, or the accruing of the cause of action. If the cause of action does

not arise in the county in which the suit is brought, or the plaintiff does not reside there when it is commenced, the objection must be taken advantage of by motion, or by plea in abatement.    Such an objection is of a dilatory character, and if not interposed in one of these modes before answering to the merits, it is to be considered as waived.

The first count of the declaration is good on general demurrer. It alleges in substance, that the defendants, in consideration that the plaintiffs would buy of them a reaping and grass cutting machine for the price of $125, undertook that the same was well made of good materials, and would work well if properly managed; that the plaintiffs, relying upon this promise, purchased the machine, and paid the price demanded; and that the machine was not well made of good materials, and would not operate well when properly managed, but was of no use or value.    This clearly shows a warranty, and a breach thereof. It was not necessary to point out the defects in the article with greater particularity.    As the demurrer must be overruled, if there is one good count in the declaration, it will not be necessary to inquire into the sufficiency of the second and third counts.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*