Golden Egg Club, Inc., Plaintiff-Appellant, v. Illinois Liquor Control Commission, Defendant-Appellee.

Gen. No. 53,076.

First District, First Division.

May 11, 1970.

Adamowski, Newey & Riley, of Chicago (Francis X. Riley, of counsel), for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe, Herman Tavins, and A. Zola Groves, Assistant Attorneys General, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

This is an appeal from an order of the Circuit Court which affirmed an order of the Illinois Liquor Commission revoking the retail liquor license of the plaintiff corporation. It appears that on January 10, 1968, the appellant was served with a notice of hearing to show cause why its liquor license should not be revoked or suspended based upon charges that appellant had employed a barmaid on January 7, 1968, who was under 21 years of age and that on the same date, the appellant sold liquor to two young men under 21 years of age. The notice of hearing was returnable on January 23, 1968.

A hearing was held before the Commission which resulted in the revocation of appellant's liquor license by an order dated January 25, 1968. The appellant's petition for a rehearing was denied. Subsequently, judicial review was sought under the Administrative Review Act pursuant to chapter 43, section 154(a) of the Ill Rev Stats (1969).

On this appeal, the plaintiff-appellant maintains that the manner in which the hearing was conducted resulted in a denial of due process of law. Plaintiff points out that the licensee was without representation of counsel and that the two corporate officers who testified for the plaintiff had limited knowledge of the English language. The plaintiff also contends that all of the testimony was unchallenged by cross-examination despite the fact that much of it was hearsay and that if a full hearing had been held the Commission's findings would not be supported by substantial evidence as required by law.

The Commission maintains that the revocation of plaintiff's license is based upon substantial evidence of a violation of law justifying the revocation of the liquor license. The Commission further asserts that this court's jurisdiction is limited to a determination whether the decision of the Commission and the affirmance of that decision by the trial court were based upon and supported by substantial evidence.

██ ██ The law is clear that in administrative review actions, the function of the courts is to determine if the entire record of the administrative agency contains substantial evidence, to support the findings of that body. Gasparas v. Leack, 93 Ill App2d 99, 235 NE2d 359 (1968). This is the function of both the trial and appellate courts of this State. Mitchell v. Sackett, 27 Ill App2d 335, 169 NE2d 833 (1960). We are mindful of the fact that the right to sell liquor is a privilege subject to proper regulation, which includes the discretion of the Commission to

revoke that privilege. Day v. Illinois Liquor Commission, 39 Ill App2d 281, 188 NE2d 883 (1963). However, this discretion must be exercised in a reasonable manner and should not be arbitrary.

██ With these principles in mind, we turn to an examination of the hearing conducted in this case. Section 6 of the statute provides in part that:

> ". . . all proceedings for the revocation or suspension of a retailer's license . . . shall be in accordance with rules and regulations established by [the commission] not inconsistent with law. However, no such license shall be so revoked or suspended except after a hearing . . . with reasonable notice to the licensee . . . and after an opportunity to appear and defend. Such notice shall specify the time and place of the hearing and the nature of the charges. The findings of the Commission shall be predicated upon competent evidence." C 43, § 150, Ill Rev Stats (1969).

It is self-evident that at such a hearing a licensee shall be afforded the basic rights of procedural due process. This is the precise issue which plaintiff has presented before this court.

██ We agree with the defendant's contention that a reviewing court cannot substitute its judgment for that of the administrative agency where substantial evidence supports the findings of that board. However, it is the duty of a reviewing court to examine the procedural methods and manner in which that evidence was elicited. A basic tenet of our jurisprudence is that a person should receive a fair and impartial hearing, with an opportunity to offer evidence and cross-examine witnesses. Gigger v. Board of Fire & Police Com'rs of East St. Louis, 23 Ill App2d 433, 163 NE2d 541 (1960).

██ A review of the record in this case leads us to conclude that requisite fairness and impartiality were

244

not afforded to the plaintiff. The two corporate officers who appeared at the hearing before the Commission were not represented by counsel. Their examination by the Commission shows their difficulty with the English language. All of the testimony and exhibits were admitted into evidence without any opportunity to test this evidence by cross-examination. Furthermore, the only witnesses in support of the revocation before the Commission were two police officers much of whose testimony was based on hearsay without the test of cross-examination, and said officers made reference to pending criminal prosecutions regarding the corporate officers and other individuals involved. At one point during the examination of one of these officers an individual identified only as a "voice" sought to correct the witness' testimony. The record reveals that the hearing was held less than two weeks after the notice of proceeding was served upon the plaintiff.

From the above state of the record we are constrained to agree with the plaintiff's contention. We are of the opinion that the plaintiff should be entitled to the opportunity to prepare a defense and to meet the charges preferred against it in this revocation hearing. Therefore, the order of the Circuit Court of Cook County is reversed, with directions to remand the case to the Illinois Liquor Control Commission for a new hearing.

Reversed and remanded with directions.

BURMAN, P. J. and MURPHY, J., concur.