SAMUEL SANCHEZ *et al.,* Plaintiffs-Appellees, v. ALYCE NEFF BROWNE, Defendant-Appellant.

Second District    No. 2—86—1060

Opinion filed August 31, 1987.

Alyce Neff Browne, of North Chicago, appellant *pro se.*.

McNamee & Mahoney, Ltd., of Dundee, for appellees.

JUSTICE NASH delivered the opinion of the court:

Defendant, Alyce Neff Browne, appeals *pro se* from a judgment entered in favor of the plaintiffs, Samuel and Hermenegilda Sanchez. Defendant contends that the trial court erred when it denied her motion for change of venue on the grounds that defendant had waived the question of improper venue by filing an appearance and answer to the complaint.

On December 19, 1985, plaintiffs filed a complaint in the circuit court of Kane County which alleged that defendant, an attorney, had negligently and recklessly advised plaintiffs in a real estate transaction and sought damages. Plaintiffs also requested that a special process server be named, and the trial court so ordered on that date. The record does not contain a return of the special process server showing when service of summons was made upon defendant; however, she acknowledges in her brief that she was served and states that within 30 days of service defendant filed an appearance, a motion for change of venue with supporting affidavit, and an answer to plaintiffs' complaint. These documents are found in the record with a filing date of February 18, 1986. The motion for change of venue alleged that both defendant and plaintiffs were residents of Lake County, Illinois, and that Lake County was where all the alleged events occurred and where the real estate in question was located. The defendant's affidavit in support of her motion for change of venue also stated that the parties' residence and the subject matter of the litigation were in Lake County to which she requested the case be transferred.

On April 4, 1986, the trial court entered an order which continued the cause, and further stated, "Motion for change of venue denied, defendant having submitted to this court by filing an appearance and answer herein." On May 5, 1986, defendant filed a motion to vacate the April 4 order, supporting it with a memorandum of law in which she argued that her motion for change of venue was timely filed. Defendant also gave notice of her intention not to participate in trial if venue was not transferred.

On July 17, 1986, the trial court entered an order which noted that the court was advised of defendant's refusal to participate in the

proceedings, and set trial for August 4, 1986. On October 10, 1986, the trial court entered an order finding defendant in default, that the court had received evidence, and entered judgment for plaintiffs in the amounts of $13,414.73 for compensatory damages, $2,600 as attorney fees, and $7,000 as punitive damages. This appeal followed.

Although no appellee's brief was submitted by plaintiffs, we consider this appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Defendant's appeal presents two questions for our determination: whether defendant's objection to venue was waived by the fact that she filed a general appearance and whether waiver of the improper venue issue occurred when defendant filed an answer to the complaint.

The first question is answered in *Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 461 N.E.2d 564. (See Ill. Ann. Stat., ch. 110, par. 2—104, Supplement to Historical and Practice Notes, at 14 (Smith-Hurd Supp. 1987).) In *Mauro*, the court held that under section 2—104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—104(b)), a general appearance does not waive an improper venue objection. (*Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 468-70, 461 N.E.2d 564.) In so holding the court distinguished *Nemanich v. Dollar Rent-A-Car Services, Inc.* (1980), 90 Ill. App. 3d 484, 413 N.E.2d 178, which appeared to have taken a contrary view in *dictum* by stating that "a general appearance constitutes a waiver of venue objections" (90 Ill. App. 3d 484, 487, 413 N.E.2d 178), except when based upon *forum non conveniens*, with which *Nemanich v. Dollar Rent-A-Car Services, Inc.* was concerned. We note too that the court in *Memorial Medical Center v. Matthews* (1984), 128 Ill. App. 3d 820, 822, 471 N.E.2d 573, essentially relied upon the *Nemanich* language to find that the defendant's objection to improper venue in that case was waived when he filed a general appearance and motion to dismiss the complaint before objecting to the venue in which the case was brought. We note that the disposition of both *Nemanich* and *Memorial Medical Center* was correct, although we do not agree with certain language found in these cases. In the former case, the language was *dictum*; in the latter, a correct result was reached as defendant there did not object to the improper venue within the time required by section 2—104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—104(b)).

We agree with the analysis set forth in *Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 461 N.E.2d 564, which need not be repeated here, and find that neither section 2—104 of the Code of Civil Proce-

dure nor prior case law warrants the conclusion that the filing of a general appearance constitutes a waiver of a timely objection to improper venue.

■ We have found no controlling authority relating to the second issue of whether the filing of an answer to the complaint constitutes a waiver of an otherwise timely objection to improper venue. A very early Illinois Supreme Court case does contain language which suggests that the prior filing of an answer may result in waiver of objections to improper venue (*Gillilan v. Gray* (1853), 14 Ill. 416). However, *Kenney v. Greer* (1851), 13 Ill. 432, upon which the court relied in *Gillilan*, related to the jurisdiction of the trial court, not venue, and, in that context, is not dispositive here. Also, these cases were decided prior to the enactment of the present provision of the Code of Civil Procedure which governs a change of venue.

Section 2—104(b) of the Code of Civil Procedure states in pertinent part:

"All objections of improper venue are waived by a defendant unless a *motion to transfer to a proper venue is made by* *** *defendant on or before the date upon which he or she is required to appear* or within any further time that may be granted him or her to answer or move with respect to the complaint ***." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 110, par. 2—104(b).

In the present case it is undisputed that defendant filed her motion for change of venue on or before the date upon which she was required to appear, and it was thus timely. The language of section 2—104 does not suggest that the filing of other pleadings prior to the time a defendant must appear acts as a waiver of an objection to improper venue, nor do we consider that the legislature intended that result. Indeed, as defendant points out, prior to the enactment of what is presently section 2—104 of the Code of Civil Procedure an objection to venue could be raised by answer. (*Dever v. Bowers* (1950), 341 Ill. App. 444, 94 N.E.2d 518; Ill. Ann. Stat., ch. 110, par. 2—104, Joint Committee Comments (Smith-Hurd 1983).) Although section 2—104 alters prior practice and requires that the issue be raised in a timely motion to transfer to a proper venue, the statute does not suggest that the filing of an answer prior to or before a defendant must appear will result in a waiver of the right to do so. To hold that a waiver of improper venue occurs merely from the filing of an answer would place form over substance and would generate an inequitable result that the legislature could not have intended.

Accordingly, the judgment of the circuit court of Kane County is

reversed and the cause remanded for consideration of the merits of defendant's motion for change of venue.

Reversed and remanded.

LINDBERG, P.J., and REINHARD, J., concur.