LAWRENCE MAJEWSKI, Plaintiff-Appellant, v. VICTORIA VON BERGAN, D.C., Indiv. and d/b/a Capri Chiropractic Care, *et al.*, Defendants-Appellees.

Second District   No. 2—93—0554

Opinion filed August 17, 1994.

Philip F. Maher and Stephen E. McLean, both of Philip F. Maher & Associates, and Michael W. Rathsack, both of Chicago, for appellant.

Charles L. Lowder, James R. Branit, and Amy L. Anderson, all of Bullaro, Carton & Stone, of Chicago, for appellees.

JUSTICE PECCARELLI delivered the opinion of the court:

Plaintiff, Lawrence Majewski, appeals from the order of the circuit court of Lake County dismissing with prejudice his medical malpractice complaint for failure to file the certificate required under section 2—622(a)(1) of the Code of Civil Procedure (Code) (735 ILCS 5/2—622(a)(1) (West 1992)). We affirm.

On June 28, 1990, plaintiff filed a medical malpractice complaint in the circuit court of Cook County against defendants, Victoria Von Bergan, D.C., individually and doing business as Capri Chiropractic Care, and Capri Chiropractic Care, Ltd., alleging that defendants had provided him with negligent chiropractic care. Plaintiff attached to the complaint his counsel's affidavit pursuant to section 2—622(a)(2) of the Code (735 ILCS 5/2—622(a)(2) (West 1992)), attesting that, because of the statute of limitations, he was unable to obtain a consultation with a physician as required by section 2—622(a)(1) of the Code but that such a certificate would be filed within 90 days.

On September 28, 1990, plaintiff filed a motion to extend the time in which to file the certificate of consultation. The trial court gave plaintiff an additional 90 days in which to file the certificate.

On October 30, 1990, defendants filed a motion to transfer venue to the circuit court of Lake County, pursuant to sections 2—101 and 2—106 (735 ILCS 5/2—101, 2—106 (West 1992)) of the Code. On January 7, 1991, the circuit court of Cook County ordered that the cause be transferred to the circuit court of Lake County "for all further action."

On October 13, 1992, defendants filed in Cook County a motion to dismiss pursuant to section 2—107 (735 ILCS 5/2—107 (West 1992))

of the Code for plaintiff's failure to pay the transfer fees and effectuate the transfer of the files to the Lake County circuit court. Also on October 13, 1992, plaintiff filed in the circuit court of Cook County a motion to dismiss voluntarily the case pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 1992)). On October 15, 1992, defendants filed a response moving to strike plaintiff's motion to dismiss voluntarily because the circuit court of Cook County no longer had jurisdiction over the case except under section 2—107 of the Code.

On October 15, 1992, the clerk of the circuit court of Cook County certified and transmitted the record to the circuit court of Lake County. On October 20, 1992, the circuit court of Lake County received, filed, and docketed the case.

On November 19, 1992, the circuit court of Cook County denied defendants' motion to dismiss under section 2—107 of the Code and granted plaintiff's motion to dismiss voluntarily. On November 17, 1992, plaintiff filed in the circuit court of Lake County a motion to dismiss voluntarily the case. The record does not indicate whether the circuit court of Lake County ever ruled on plaintiff's motion to dismiss voluntarily. The motion was set for hearing on December 15, 1992, but the record does not indicate any proceedings on that date.

On February 5, 1993, defendants filed in the circuit court of Lake County a motion to dismiss plaintiff's complaint for failure to file the certificate required under section 2—622(a)(1) of the Code. On February 10, 1993, the circuit court of Lake County dismissed with prejudice plaintiff's complaint for failure to file the certificate. On March 12, 1993, plaintiff filed a motion for reconsideration of that order. On April 7, 1993, the circuit court denied the motion to reconsider. Plaintiff filed a timely notice of appeal.

■ On appeal, plaintiff argues that the circuit court of Lake County erred in dismissing involuntarily the complaint because the case had already been dismissed voluntarily by the circuit court of Cook County. Plaintiff's primary contention is that the defendants should have appealed the order of the circuit court of Cook County voluntarily dismissing his complaint. According to plaintiff, that order ended the litigation, and there was no longer a justiciable matter before any court. We disagree. We find that, when the circuit court of Cook County granted defendants' motion for transfer of venue to Lake County on January 7, 1991, the case was no longer pending before the circuit court of Cook County. The case was transferred on October 15, 1992, and docketed on October 20, 1992, and was pending before the circuit court of Lake County.

One circuit court cannot dismiss an action pending in another

circuit court. (See *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 292; *Zimmerman Equipment Co. v. F.R. Orr Grain Co.* (1975), 29 Ill. App. 3d 921, 922.) Therefore, once the suit was pending in the circuit court of Lake County, the circuit court of Cook County should have declined jurisdiction to entertain any further motions in the case (see *Zimmerman*, 29 Ill. App. 3d at 922) except for a motion under section 2—107 of the Code.

Plaintiff argues that jurisdiction and venue are not the same and that a court does not lack subject matter jurisdiction merely because it is not the proper venue. Plaintiff cites section 2—104(a) (735 ILCS 5/2—104(a) (West 1992)) of the Code, which provides in relevant part: "No order or judgment is void because rendered in the wrong venue ***." 735 ILCS 5/2—104(a) (West 1992).

However, we construe section 2—104(a) to apply only to cases currently pending before the court entering the order. Thus, if the case had not been transferred to the proper venue and no motion for transfer of venue had yet been presented, an order entered in the circuit court of Cook County would not be void even though it was rendered in the wrong venue. In the present case, the order of the circuit court of Cook County is not void because it was rendered in the wrong venue; the order is void because the circuit court of Cook County was required to decline jurisdiction in the case since the case was pending in another circuit court and was no longer pending in the circuit court of Cook County. See *Zimmerman*, 29 Ill. App. 3d at 922.

■ Plaintiff next argues that defendants did not timely file their motion to transfer venue. However, an issue is waived on appeal where the record does not demonstrate that the appellant objected on that basis in the trial court. (*Village of Worth v. Hahn* (1990), 206 Ill. App. 3d 987, 992.) The record in the present case does not indicate that plaintiff made this argument in the trial court. Therefore, we find that plaintiff has waived this issue on appeal. See *Village of Worth*, 206 Ill. App. 3d at 992.

■ Plaintiff also argues that defendants waived any right to object to the order of the circuit court of Cook County by appearing before that court at the November 19, 1992, hearing. However, in *Sanchez v. Browne* (1987), 160 Ill. App. 3d 286, 288-89, this court held that under section 2—104(b) of the Code (735 ILCS 5/2—104(b) (West 1992)), a general appearance does not waive an improper venue objection. We see no reason to reexamine that issue here. Therefore, we find that defendants in the present case did not waive their right to object by appearing before the circuit court of Cook County at the November 19, 1992, hearing. See *Sanchez*, 160 Ill. App. 3d at 288-89.

■ Next, plaintiff argues that the circuit court of Lake County should have heard his motion to dismiss voluntarily before defendants' motion to dismiss. He cites *Bochantin v. Petroff* (1991), 145 Ill. 2d 1, for the proposition that a defendant's dispositive motion to dismiss should be heard prior to a plaintiff's section 2—1009 (735 ILCS 5/2—1009 (West 1992)) motion only where the defendant's dispositive motion is filed first.

However, *Bochantin* merely held that it was not an abuse of discretion for the trial judge to hear the plaintiff's section 2—1009 motion before the defendant's dispositive motion. (*Bochantin*, 145 Ill. 2d at 8.) It does not hold, as plaintiff asserts, that the court *shall* hear the plaintiff's section 2—1009 motion before hearing the defendant's dispositive motion.

Moreover, plaintiff concedes that he did not pursue his section 2—1009 motion in the circuit court of Lake County. It is the responsibility of the party filing a motion to request the trial judge to rule on it. (See *People v. Kelley* (1992), 237 Ill. App. 3d 829, 831.) Where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned. (*City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 274.) Therefore, we find that plaintiff's argument that the court should have ruled on his section 2—1009 motion before ruling on defendants' motion to dismiss is without merit.

In *In re Dominique F.* (1991), 145 Ill. 2d 311, 324, our supreme court held that, where a petition for change of venue is timely filed and in proper form, it must be granted and any order entered after its presentation is a nullity. Plaintiff in the present case argues that *In re Dominique F.* is distinguishable since it involved a change of venue for prejudice under section 2—1001 of the Code (735 ILCS 5/2—1001 (West 1992)), whereas the present case involves a transfer of venue between circuit courts.

However, this court has reached the same result in a case involving a transfer of venue between circuit courts. In *Sanchez* (160 Ill. App. 3d at 287-88), the trial court denied the defendant's motion for change of venue. After the defendant refused to participate in further proceedings, the trial court entered an order finding the defendant in default and entered judgment for the plaintiffs. On appeal, this court held that the trial court improperly denied the defendant's motion for change of venue and reversed the judgment entered in favor of the plaintiffs. *Sanchez*, 160 Ill. App. 3d at 289-90.

Under *In re Dominique F.* and *Sanchez*, if the circuit court of Cook County in the present case had improperly denied defendants' motion for transfer of venue, this court would have found that the

subsequent order of the circuit court of Cook County granting plaintiff's motion for voluntary dismissal was a nullity. Our decision does not change because the circuit court granted the motion for transfer of venue. Therefore, we find that the order of the circuit court of Cook County granting plaintiff's voluntary dismissal was a nullity.

Plaintiff does not argue that the order of the circuit court of Lake County dismissing his complaint was erroneous on the merits. That issue is therefore not before this court.

For the foregoing reasons, we affirm the order of the circuit court of Lake County dismissing with prejudice plaintiff's complaint and the order denying plaintiff's motion for reconsideration.

Affirmed.

INGLIS, P.J., and McLAREN, J., concur.