DIANA C. WINN *et al.*, Plaintiffs-Appellees, v. MITSUBISHI MOTOR MANUFACTURING OF AMERICA, INC., Defendant-Appellant.

Fourth District  No. 4—99—0173

Argued November 17, 1999.—Opinion filed December 8, 1999.

Peter W. Brandt, of Livingston, Barger, Brandt & Schroeder, of Bloomington, and Charles A. Newman, Elizabeth C. Carver, and Jeffrey S. Russell (argued), all of Bryan Cave L.L.P., of St. Louis, Missouri, for appellant.

Steven D. Wright (argued) and Joseph W. Phebus, both of Phebus & Winkelmann, of Urbana, and Nancy J. Glidden, of Phebus & Winkelmann, of West Chester, Pennsylvania, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

In June 1998, plaintiffs, Diana and Danelle Winn, filed a complaint in Champaign County against defendant, Mitsubishi Motor Manufacturing of America, Inc., under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 1996)). Defendant argued venue was improper and moved to transfer the case to McLean County. The trial court allowed discovery to proceed to determine whether venue was proper in Champaign County. Before the trial court ruled on defendant's motion to transfer, plaintiffs filed a motion to voluntarily dismiss. In January 1999, the trial court granted plaintiffs' motion to voluntarily dismiss. Defendant appeals, arguing the trial court erred by (1) failing to immediately rule on its motion to transfer venue and (2) granting plaintiffs' motion to voluntary dismiss instead of granting defendant's motion to transfer venue. We affirm.

## I. BACKGROUND

Plaintiffs filed a class action suit against defendant in the circuit court of Champaign County. The complaint alleged defendant violated the Consumer Fraud Act (815 ILCS 505/1 *et seq.* (West 1996)) by falsely representing it used high-quality and long-lasting paint on its vehicles and by failing to advise consumers the vehicles' paint would prematurely fail.

In August 1998, defendant moved to transfer venue, arguing venue in Champaign County was improper under section 2—101 of the Code of Civil Procedure (Code) (735 ILCS 5/2—101 (West 1996)) because de-

fendant maintained no offices in Champaign County, nor did it conduct business in Champaign County. Defendant argued venue was proper only in McLean County, where defendant's business operations are located.

Plaintiffs opposed defendant's motion, arguing venue in Champaign County was proper because plaintiffs purchased their Mitsubishi vehicles from a dealership located in Champaign County. Defendant's general counsel and corporate secretary submitted an affidavit averring defendant "manufactures *** automobiles at its facilities in Normal, Illinois. [It] does not make retail sales of automobiles. Its products are sold to other corporations for distribution. *** [It] sells no automobiles in Champaign County."

Also in August 1998, plaintiffs filed a motion for protective order and a preliminary response to defendant's venue motion, claiming they needed to conduct discovery before they could properly respond to the venue motion. In September 1998, the trial court heard arguments on defendant's motion to transfer and allowed plaintiffs to proceed with limited discovery as related to whether venue was proper in Champaign County. The trial court declined to rule on the venue motion pending plaintiffs' discovery.

In November 1998, plaintiffs moved to amend their complaint to add an additional Mitsubishi entity as a defendant. Defendant opposed the motion, arguing venue was a threshold issue and therefore the court should address it prior to plaintiffs' motion.

Also in November 1998, the trial court conducted a hearing on plaintiffs' motion. At the hearing, plaintiffs presented, without prior notice, an oral motion to voluntarily dismiss without prejudice. Defendant opposed the motion to voluntarily dismiss because plaintiffs failed to give notice or tender costs as required by section 2—1009(a) of the Code (735 ILCS 5/2—1009(a) (West 1996)). The trial court instructed plaintiffs to tender costs and set their motion for a hearing.

Following the November 1998 hearing, plaintiffs filed a written motion to voluntarily dismiss. In January 1999, defendant's counsel sent plaintiffs' counsel a letter, via mail and facsimile, stating:

> "Because your colleague Mr. Wright expressed your intention to refile this action (presumably in the correct venue), [defendant] is entitled to the fees and expenses incurred in its efforts to transfer this case to the proper venue in McLean County as well as costs. See 735 ILCS 5/2—107; see also 735 ILCS 5/2—1009. *** Accordingly, we ask that plaintiffs tender $18,367.24 to [defendant] for this firm's fees and costs in connection with the dismissal."

The same day, plaintiffs' counsel replied via facsimile, stating:

> "I fully agree with you that the payment of costs is mandated by

[s]ection [ ]2—1009 of the [Code]. However, attorneys' fees are not so mandated. As you should be well aware, [s]ection [ ]2—107 permits the imposition of attorneys' fees only in the event that venue is fixed by the plaintiff in bad faith and without probable cause. It is not my understanding that your firm has made this allegation. *** Please forward on to me the citations of all relevant case law or statutes which suggest that attorney's fees should be treated as costs for the purpose of [ ]2—1009."

Following this exchange of letters, plaintiffs filed a motion to fix court costs. Plaintiffs argued "payment of costs" under section 2—1009(a) relates to payment of defendant's filing fee and nothing further. Defendant filed a response to plaintiffs' motion for voluntary dismissal and motion to fix costs. Defendants argued the trial court lacked authority to rule on plaintiffs' motion for voluntary dismissal. Defendant argued *Majewski v. Von Bergan*, 266 Ill. App. 3d 140, 144, 638 N.E.2d 1189, 1192 (1994), required the trial court to rule on the motion to transfer venue before ruling on the motion to voluntarily dismiss. For the first time, defendant argued plaintiffs acted in bad faith by improperly setting venue in Champaign County and further argued plaintiffs were attempting to use voluntary dismissal as a tool to improperly circumvent a ruling on the motion to transfer venue.

In January 1999, the trial court conducted a hearing on plaintiffs' motions. The court determined it must rule first on plaintiffs' motion to voluntarily dismiss and dismissed the case without prejudice. The court instructed plaintiffs to pay costs but rejected defendant's request for attorney fees. Accordingly, the court never ruled on defendant's motion to transfer venue. Defendant filed the instant appeal.

## II. ANALYSIS

As a threshold matter, plaintiffs argue defendant failed to file a timely notice of appeal and improperly filed its petition under Supreme Court Rule 301 (155 Ill. 2d R. 301) rather than Rule 306 (166 Ill. 2d R. 306). We note plaintiffs already raised these arguments in a motion to dismiss defendant's appeal. We rejected plaintiffs' arguments and denied their motion on April 26, 1999. Therefore, we need not re-address these issues here.

### A. Propriety of Allowing Discovery To Proceed

■ Defendant's brief implies the trial court erred by failing to grant its August 1998 motion to transfer venue and instead allowing discovery to proceed with respect to whether venue was proper in Champaign County. Defendant cites *In re Dominique F.*, 145 Ill. 2d 311, 324, 583 N.E.2d 555, 561 (1991), where our supreme court held "[w]here a petition for change of venue is timely filed and in proper

form, it must be granted and any order entered after its presentation is a nullity." Here, defendant presented its motion to change venue before plaintiffs moved to voluntarily dismiss. Therefore, defendant argues, the trial court's failure to grant defendant's motion to transfer venue rendered all later orders, including the order granting plaintiffs' voluntary dismissal, void. We disagree.

While few cases directly address whether a trial court has discretion to allow discovery to proceed in order to determine whether venue is proper, we conclude it does. The literal language of section 2—104(c) of the Code (735 ILCS 5/2—104(c) (West 1996)) indicates factual hearings are proper to determine the propriety of venue. 3 R. Michael, Illinois Practice § 12.5, at 148 (1989) (Civil Practice Before Trial). Section 2—104(c) further suggests such discovery is proper, stating "[t]he determination of any issue of fact in connection with a motion to transfer does not constitute a determination of the merits of the case or any aspect thereof." 735 ILCS 5/2—104(c) (West 1996). Accordingly, we conclude the trial court exercised its sound discretion by allowing discovery to proceed with respect to whether venue was proper in Champaign County.

### B. Priority Between Venue and Dismissal Motions

We next address whether the trial court properly ruled on plaintiffs' motion to dismiss before ruling on defendant's pending motion to transfer venue. We conclude it did.

■ As plaintiffs argue, a plaintiff is generally entitled to voluntarily dismiss his or her case at any time before trial or hearing begins. *Saddle Signs, Inc. v. Adrian*, 272 Ill. App. 3d 132, 135, 650 N.E.2d 245, 247 (1995). Plaintiffs have an almost absolute right to take a voluntary dismissal absent an unequivocal conflict between a specific rule of the supreme court and section 2—1009 of the Code (735 ILCS 5/2—1009 (West 1996)). *In re Marriage of Saleh*, 202 Ill. App. 3d 131, 135-36, 559 N.E.2d 812, 815 (1990). When plaintiffs move for voluntary dismissal, trial judges have discretion to hear a previously filed motion that, if ruled upon favorably by the court, could result in a *final disposition* of the case. *Gibellina v. Handley*, 127 Ill. 2d 122, 137-38, 535 N.E.2d 858, 866 (1989). Absent such a circumstance, the trial judge generally has no discretion to deny the motion to voluntarily dismiss. *Pines v. Pines*, 262 Ill. App. 3d 923, 930, 635 N.E.2d 986, 990 (1994).

■ In 1994, our state legislature codified the rule in *Gibellina*. Under the codification, voluntary motions to dismiss are governed by section 2—1009 of the Code, which provides in part:

"(a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's

attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.

(b) The court may hear and decide a motion that has been filed prior to a motion filed under subsection (a) of this [s]ection when that prior filed motion, if favorably ruled on by the court, could *result in a final disposition* of the cause." (Emphasis added.) 735 ILCS 5/2—1009(a), (b) (West 1996).

■ Transfer for improper venue is governed by section 2—106(a) of the Code, which states in part:

"If a motion to transfer is allowed on the ground that the action was commenced in a wrong venue, the cause shall be transferred to the court in a proper venue, subject to any equitable terms and conditions that may be prescribed." 735 ILCS 5/2—106(a) (West 1996).

■ Statutory construction is a question of law and is reviewed *de novo. Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995). The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 81, 630 N.E.2d 820, 822 (1994). Courts first look to the statute's language to determine legislative intent. *Zekman v. Direct American Marketers, Inc.*, 182 Ill. 2d 359, 368-69, 695 N.E.2d 853, 858 (1998). Courts accord a statute's language its plain and commonly understood meaning. *R.L. Polk & Co. v. Ryan*, 296 Ill. App. 3d 132, 140, 694 N.E.2d 1027, 1033 (1998). Statutes must be construed in harmony with one another, insofar as it is reasonably possible, even when they are in apparent conflict. *People v. Maya*, 105 Ill. 2d 281, 287, 473 N.E.2d 1287, 1290 (1985). If possible, effect is given to every word, clause, and sentence, and a court may not read a statute so as to render any part inoperative, superfluous, or insignificant. *Bauer v. H.H. Hall Construction Co.*, 140 Ill. App. 3d 1025, 1028, 489 N.E.2d 31, 33 (1986). Where two statutory sections are in irreconcilable conflict, the specific provision controls over the general provision. *Old Ben Coal Co. v. Department of Mines & Minerals*, 207 Ill. App. 3d 1088, 1093, 566 N.E.2d 813, 816 (1991).

■ While the parties frame their arguments as a clash between two seemingly absolute rights, we conclude sections 2—1009 and 2—106 can be read harmoniously. Section 2—1009 specifically and clearly articulates plaintiffs' right to voluntarily dismiss and the circumstances in which a trial court may rule on a prior pending motion. We read section 2—1009 as affording the trial court discretion to rule on a previously filed motion only if it "could result in a *final disposi-*

*tion of the cause.*" (Emphasis added.) 735 ILCS 5/2—1009(b) (West 1996). A motion to transfer venue, by definition, does not result in a final disposition. We note the familiar maxim "*inclusio unius est exclusio alterius,*" *i.e.,* "the mention of one thing implies the exclusion of another." See *People v. Rodriguez,* 276 Ill. App. 3d 33, 42-43, 657 N.E.2d 699, 705 (1995). Under this maxim, the legislature would not have used such narrow language had it intended the trial court to have broad discretion to hear other types of motions. In contrast, section 2—106 contains no express limitation on the trial court's discretion as to which motion it should hear when it is confronted with another motion. We must not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express. See *Kraft, Inc. v. Edgar,* 138 Ill. 2d 178, 189, 561 N.E.2d 656, 166 (1990). Accordingly, we reject defendant's argument that a section 2—106 motion constitutes an exception to section 2—1009.

Recently, in *Morrison v. Wagner,* 305 Ill. App. 3d 885, 714 N.E.2d 542 (1999), this court rejected a similar attempt to restrict a plaintiff's right to voluntarily dismiss. We held we could not impose any such restriction "absent guidance from the legislature or the supreme court." *Morrison,* 305 Ill. App. 3d at 888, 714 N.E.2d at 544. Attempts to impose restrictions on a plaintiff's right to voluntarily dismiss in other districts have had similar results. See, *e.g., Crawford v. Schaeffer,* 226 Ill. App. 3d 129, 135-36, 590 N.E.2d 497, 501 (1992) (first district stating "the right to nonsuit is virtually unassailable" under case law).

Defendant argues courts recognize an exception to plaintiffs' statutory right to voluntarily dismiss at any time. Defendant argues, under *Dominique,* 145 Ill. 2d 311, 583 N.E.2d 555, *Majewski,* 266 Ill. App. 3d 140, 638 N.E.2d 1189, and *Sanchez v. Browne,* 160 Ill. App. 3d 286, 513 N.E.2d 129 (1987), that motions to transfer venue take priority. We disagree. *Dominique, Majewski,* and *Sanchez* do not address whether a motion to transfer venue takes priority over a motion to voluntarily dismiss.

In *Dominique,* the public guardian perceived a prejudice against him by the trial court and moved to transfer venue under section 2—1001(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2) (now 735 ILCS 5/2—1001.5(a) (West 1996))). The trial court denied the public guardian's motion, finding it constituted an abuse of legal procedure. Our supreme court disagreed, holding:

> "All civil litigants have an absolute right to a change of venue where a petition asserting general prejudice on the part of the trial judge is filed before trial or hearing and before the trial judge has made any substantive ruling in the case. [Citations.] The right is mandatory if made in apt time and in proper form, and a trial

judge has no discretion to deny a timely and proper request." *Dominique*, 145 Ill. 2d at 319, 583 N.E.2d at 558.

"Change of venue" pursuant to section 2—1001(a)(2) refers to "a change from one judge to another of the same court." *Dominique*, 145 Ill. 2d at 318, 583 N.E.2d at 558. Indeed, the statute our supreme court examined in *Dominique*, section 2—1001(a)(2) of the Code, provided in pertinent part:

"(a) A change of venue in any civil action may be had in the following situations:

\*\*\*

(2) Where any party or his or her attorney fears that he or she will not receive a fair trial in the court in which the action is pending, because \*\*\* the judge is prejudiced against him or her, or his or her attorney \*\*\*." Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2).

In contrast, defendants in the instant case argued venue was improper in Champaign County under section 2—101 of the Code. Section 2—101 provides every action shall be commenced (1) in the county of the residence of a defendant, or (2) in the county in which the transaction or some part thereof occurred. 735 ILCS 5/2—101 (West 1996). Defendants then moved to transfer venue pursuant to section 2—106 of the Code. 735 ILCS 5/2—106 (West 1996). Thus, *Dominique* did not address venue within the same meaning as in the instant case, and we therefore find it inapposite.

We recognize the second district rejected this distinction in *Majewski*, 266 Ill. App. 3d at 144, 638 N.E.2d at 1192. There, defendants attempted to similarly distinguish *Dominique*, arguing it involved a change of venue for prejudice under section 2—1001, whereas their case involved a transfer of venue between circuit courts. The second district held:

"[T]his court has reached the same result in a case involving a transfer of venue between circuit courts. In *Sanchez* [citation], the trial court denied the defendant's motion for change of venue. \*\*\* On appeal, this court held that the trial court improperly denied the defendant's motion for change of venue and reversed." *Majewski*, 266 Ill. App. 3d at 144, 638 N.E.2d at 1192.

We conclude a motion to transfer venue from one county to another is different from a motion seeking to prevent a judge from hearing a particular case. Transferring venue because plaintiff filed in the wrong county relates to the unnecessary burden of defending a lawsuit in an inconvenient forum. See *Baltimore & Ohio R.R. Co. v. Mosele*, 67 Ill. 2d 321, 329, 368 N.E.2d 88, 92 (1977). In contrast, seeking to transfer venue because a judge is allegedly prejudiced relates to a party's entitlement to an impartial hearing (see *In re Marriage of Passiales*, 144 Ill. App. 3d 629, 637, 494 N.E.2d 541, 548 (1986)), which is

a basic tenet of our jurisprudence. See *Golden Egg Club, Inc. v. Illinois Liquor Control Comm'n*, 124 Ill. App. 2d 241, 244, 260 N.E.2d 329, 331 (1970). In any event, as previously mentioned, *Dominique*, *Majewski*, and *Sanchez* did not address whether a motion to transfer venue pursuant to section 2—106 takes priority over a motion to voluntarily dismiss.

Defendant contends *Majewski* holds "once [a motion to transfer venue] is properly before the court, the court does not have jurisdiction to rule on any motion but the venue motion" and any subsequent ruling on other matters is void. We do not interpret *Majewski* so narrowly.

In *Majewski*, 266 Ill. App. 3d at 141, 638 N.E.2d at 1191, the circuit court of Cook County transferred venue to the circuit court of Lake County, ordering "the cause be transferred *** 'for all further action.' " Twenty-one months later, the Cook County circuit court certified and transmitted the record to the circuit court of Lake County. The next month, the Cook County circuit court granted plaintiff's motion to dismiss voluntarily. On appeal, the second district held, because the case was then pending in another court, the Cook County circuit court's subsequent ruling on the motion to voluntarily dismiss was void. *Majewski*, 266 Ill. App. 3d at 144-45, 638 N.E.2d at 1192-93.

Contrary to defendant's assertion, the *Majewski* court did not address whether a motion to transfer venue takes priority over a motion to voluntarily dismiss. Rather, the second district found the trial court could not rule on the motion for voluntary dismissal because the action was now *pending in another court*. See *Majewski*, 266 Ill. App. 3d at 142-43, 638 N.E.2d at 1191-92.

We also reject defendant's contention that, under *Majewski*, the trial court had no jurisdiction to rule on anything but its motion to transfer venue. *Majewski* has no bearing on the case at bar because, as previously stated, the trial court properly exercised its discretion in allowing discovery to proceed to determine whether venue was proper in Champaign County. Further, at the time plaintiffs moved for voluntary dismissal, the record indicates discovery was incomplete. Therefore, the trial judge was still unable to determine the propriety of venue and thus unable to rule on defendant's motion. The court need not sit idly while waiting for parties to complete discovery.

Similarly, we find *Sanchez* inapposite. In *Sanchez*, the court only addressed whether defendant waived her objection to venue by filing a general appearance or by filing an answer to the complaint. There, defendant objected to venue in Kane County because neither she nor plaintiffs resided there, nor did the parties conduct any transaction in Kane County. The trial court denied defendant's motion, finding de-

fendant waived her venue objection. Subsequently, defendant refused to participate in trial, and the trial court entered an order of default. On appeal, the second district found the trial court erred in finding defendant waived her venue objection and vacated the default judgment. *Sanchez*, 160 Ill. App. 3d at 288-90, 513 N.E.2d at 130-31. *Sanchez* did not directly address any other issue and we find it inapplicable to the instant case.

## III. CONCLUSION

For the foregoing reasons, we find no error in the trial court's decision to allow discovery to determine whether venue was proper in Champaign County. Further, we reject defendant's argument a motion to transfer venue under section 2—106 constitutes an exception to plaintiffs' almost absolute right to voluntarily dismiss. *Dominique*, *Majewski*, and *Sanchez* do not address this issue, and we therefore find they are of little guidance. To the extent *Dominique* grants defendants an "absolute right to change venue" under section 2—1001, we need not reconcile this right with the right to voluntarily dismiss because we are not faced with that issue.

We affirm the trial court's judgment.

Affirmed.

STEIGMANN and MYERSCOUGH, JJ., concur.