NOTICE

Decision filed 04/17/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-04-0591

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| RALPH KERN and ALAN LEWIS, Individually and on Behalf of Others Similarly Situated, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 04-L-145 |
| DAIMLERCHRYSLER CORPORATION, | ) ) ) | |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| ENTERPRISE RENT-A-CAR COMPANY–MIDWEST, | ) ) ) | Honorable A. A. Matoesian, |
| Defendant. | ) ) | Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

The plaintiffs filed a complaint in the circuit court of Madison County on behalf of themselves and others similarly situated against the defendant, DaimlerChrysler Corp. (Chrysler) and Enterprise Rent-A-Car Company–Midwest (Enterprise Midwest). The plaintiffs' complaint seeks compensatory damages for consumer fraud and common law fraud. Chrysler moved to transfer the action to Sangamon County, alleging that venue was improper. Subsequently, the plaintiffs sought leave to amend their complaint to add Enterprise Leasing Company of St. Louis (Enterprise St. Louis) in place of Enterprise Midwest, alleging that they had inadvertently misidentified the Enterprise entity. The trial court granted leave to amend the complaint and denied Chrysler's motion to transfer venue.

1

On appeal, Chrysler claims that the trial court erred in failing to consider and grant its motion to transfer venue before considering the plaintiffs' motion to amend the complaint.

On February 24, 2004, the plaintiffs filed a complaint in the Madison County circuit court against Chrysler and Enterprise Midwest, alleging that the defendants failed to make public disclosures about widespread failures of 2.7-liter engines in vehicles manufactured by Chrysler. Count I and count II were brought against Chrysler. Count I alleged common law fraud and count II alleged statutory fraud. Count III was brought against Enterprise Midwest and alleged statutory fraud. In their complaint, the plaintiffs alleged that venue was proper in the circuit court of Madison County because Enterprise Midwest was a resident of Madison County and because some part of the transactions out of which the causes of action arose had occurred in Madison County.

On April 21, 2004, Enterprise Midwest filed a motion to dismiss count III pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2002)) or alternatively to transfer venue pursuant to section 2-104 of the Code (735 ILCS 5/2-104 (West 2002)), on the grounds that Enterprise Midwest does not do business in Madison County, that it did not sell a vehicle to any of the plaintiffs, and that it did not have a business relationship with any of the plaintiffs. On April 22, 2004, Chrysler filed a special and limited appearance and moved to transfer the action to Sangamon County pursuant to section 2-104 of the Code. Chrysler alleged that Madison County was an improper venue under section 2-101 of the Code (735 ILCS 5/2-101 (West 2002)), because neither defendant was a resident of Madison County for venue purposes and because no part of the transactions in which the defendants allegedly engaged and from which the causes of action arose had occurred in Madison County.

On May 12, 2004, the plaintiffs filed a motion seeking leave to file a second amended complaint to add Enterprise St. Louis as a defendant in place of Enterprise Midwest, alleging

2

that they had inadvertently misidentified the proper Enterprise entity. The allegations made against Enterprise St. Louis were the same as those made against Enterprise Midwest. On May 24, 2004, the plaintiffs filed a motion to substitute a judge in place of the assigned judge, Honorable George Moran, as a matter of right, pursuant to section 2-1001(a)(2) of the Code (735 ILCS 5/2-1001(a)(2) (West 2002)). On June 9, 2004, Judge Moran granted the plaintiffs leave to file an amended complaint. The ruling came 28 days after the motion to amend was filed. At that time, there were no objections on file, nor is there any indication in the record that Chrysler had called up its venue motion. Judge Moran also granted the plaintiffs' motion for the substitution of judge on June 9, 2004.

On June 24, 2004, Chrysler filed an objection to the order granting the plaintiffs leave to amend. Chrysler claimed that it did not have adequate notice and an opportunity to be heard on the motion, that the order granting leave to file the second amended complaint was void because a proper and timely filed motion for a substitution of judge was pending at the time leave to amend was granted, and that the trial court was required to rule on its venue motion before considering any other substantive matter, including the plaintiffs' motion to amend the complaint.

On July 20, 2004, Enterprise St. Louis filed its answer to the second amended complaint. In its answer, Enterprise St. Louis admitted that its principal place of business is in Missouri and that it maintains branch offices in Madison County, Illinois. On August 6, 2004, Enterprise St. Louis filed verified responses to the plaintiffs' requests for admissions. It admitted that it is a resident of Madison County, that it has offices in Madison County, and that it had sold one or more of the vehicles at issue in the lawsuit.

The case was reassigned to Honorable A. A. Matoesian, who held a hearing on August 18, 2004. Following the hearing, Judge Matoesian granted the plaintiffs' motion for leave to file the amended complaint "to the extent it was not already granted." Judge Matoesian also

3

ruled on Chrysler's motion to transfer venue. The order stated as follows: "In light of the court granting Plaintiffs' motion for leave to file an amended complaint, the court denies DaimlerChrysler's motion to transfer venue as moot." We have no record of what occurred during the hearing on August 18, because there is no transcript of the proceedings and the parties were not able to agree on a bystander's report.

On appeal, Chrysler claims that the trial court erred in failing to consider and grant its motion to transfer venue before considering the plaintiffs' motion to amend the complaint. Before addressing this issue, we believe that it would be helpful to review the statutes governing venue and amendments to pleadings.

Venue is addressed in the Illinois Code of Civil Procedure. See 735 ILCS 5/2-101 *et seq*. (West 2002). Section 2-101 states, "[E]very action must be commenced (1) in the county of residence of any defendant who is joined in good faith *** or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2002). Section 2-104(a) provides that no action shall abate or be dismissed because it is commenced in the wrong venue if there is a proper venue to which the cause of action may be transferred. 735 ILCS 5/2-104(a) (West 2002). We note that a motion to transfer a case from one Illinois county to another Illinois county on grounds of improper venue is not a dispositive motion because a ruling on the motion will not result in a final disposition of the case. 735 ILCS 5/2-104(a) (West 2002); *Winn v. Mitsubishi Motor Manufacturing of America, Inc*., 308 Ill. App. 3d 1054, 1060, 721 N.E.2d 819, 823-24 (1999).

Provisions regarding amendments to the pleadings are set forth in section 2-616 of the Code. 735 ILCS 5/2-616 (West 2002). Section 2-616(a) provides as follows: "At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party,

4

changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars[,] or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross[-]claim." 735 ILCS 5/2-616(a) (West 2002). In considering whether to allow an amendment to the pleadings, the trial court should consider, among any other relevant factors, whether the amendment would cure the defect in the pleadings, whether the amendment would surprise, and thereby unfairly prejudice, the opposing party, whether the motion to amend is timely, and whether the party had previous opportunities to amend the pleadings. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16 (1992). Amendments should be permitted if they further the ends of justice. *Loyola Academy*, 146 Ill. 2d at 272-73, 586 N.E.2d at 1215.

According to the record in this case, the plaintiffs sought leave to file an amended complaint shortly after learning that they had inadvertently sued the wrong Enterprise entity due to a mistake in its identity. Enterprise St. Louis's admission that it is a resident of Madison County for purposes of venue shows that granting leave to amend the complaint would cure a defect in the pleadings. There is no indication that Chrysler had attempted to call up its motion for a change of venue at any time prior to Judge Moran's ruling on the plaintiffs' motion to amend. Chrysler's objections to the plaintiffs' motion came only after and in response to Judge Moran's order granting leave to amend. As we will discuss later in this decision, Chrysler has not established how it was prejudiced by the court's decision to grant leave to amend. In this case, we find that four factors relevant to a consideration of a motion to amend support the trial court's decision to grant leave to amend. Having so found, we turn to the priority-of-motion issue.

Chrysler contends that a motion for a change of venue should take precedence over

5

any other substantive matter, including a motion to amend, and cites *In re Dominique F.*, 145 Ill. 2d 311, 324, 583 N.E.2d 555, 561 (1991), in support of its contention.

In the *In re Dominique F.* case, a public guardian who had been appointed to represent a number of children in wardship adjudications petitioned for the substitution of a judge based on general allegations of prejudice pursuant to section 2-1001(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2-1001(a)(2) (now see 735 ILCS 5/2-1001(a)(2) (West 2004))). Despite the guardian's request for immediate rulings on his timely filed motions for the substitution of judge, the assigned judge continued the motions and did not rule on them until he had decided the merits of each case. *In re Dominique F.*, 145 Ill. 2d at 316-17, 583 N.E.2d at 557-58. The Illinois Supreme Court reviewed section 2-1001(a)(2) and concluded that its provisions were founded upon the long-standing principle "that a party should not be compelled to plead his cause before a judge who is prejudiced, whether actually or only by suspicion." *In re Dominique F.*, 145 Ill. 2d at 319, 583 N.E.2d at 559. The supreme court held that all civil litigants have an absolute right to a change of venue where a motion asserting general prejudice on the part of the trial judge is proper in form and is filed before the trial judge has made any substantive ruling in the case. *In re Dominique F.*, 145 Ill. 2d at 319, 583 N.E.2d 558-59. Under those circumstances, the trial judge has no discretion to deny the request. *In re Dominique F.*, 145 Ill. 2d at 319, 583 N.E.2d at 558-59.

We do not agree that *In re Dominique F.* resolves the issue before us. The issue in the case at bar involves a motion to transfer venue under section 2-104 of the Code rather than a motion for the substitution of judge. In *Winn v. Mitsubishi Motor Manufacturing of America, Inc.*, our colleagues in the Fourth Appellate District concluded that the holding in *In re Dominique F.* did not extend to a venue motion made pursuant to section 2-104 of the Code. *Winn*, 308 Ill. App. 3d 1054, 721 N.E.2d 819. The Fourth District affirmed the trial court's decision to grant the plaintiffs' motion for a voluntary dismissal prior to ruling on a venue

6

challenge, holding that it was a proper exercise of the court's discretion. *Winn*, 308 Ill. App. 3d 1054, 721 N.E.2d 819. The court reasoned that a motion to transfer venue to another county differs from a motion to prevent a judge from hearing a particular case because improper venue relates to an unnecessary burden of litigating a case in an inconvenient forum while the substitution of an allegedly prejudiced judge relates to a party's entitlement to an impartial hearing. *Winn*, 308 Ill. App. 3d at 1061-62, 721 N.E.2d at 825-26. We agree with that reasoning. The well-grounded principle of judicial impartiality provides the foundation for the rule requiring an immediate decision on a motion for substitution of judge. In contrast, a section 2-104 motion, while grounded in another important legal principle, does not require the same urgent action.

During our consideration of the case, we also found it helpful to review the Illinois Supreme Court's approach to the priority-of-motion issue in *Gibellina v. Handley*, 127 Ill. 2d 122, 535 N.E.2d 858 (1989). In *Gibellina*, the supreme court was asked to decide whether the defendant's pending motion for a summary judgment should take priority over an intervening motion for a voluntary dismissal filed pursuant to section 2-1009 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2-1009 (now see 735 ILCS 5/2-1009 (West 2004))). The court held, "[T]he trial court may hear and decide a motion which has been filed *prior to* a section 2-1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) *Gibellina*, 127 Ill. 2d at 138, 535 N.E.2d at 866. In subsequent cases, the supreme court emphasized that the *Gibellina* opinion used permissive language, which endowed the trial court with the discretion to decide whether it would hear and rule on a potentially dispositive motion prior to hearing a motion for a voluntary dismissal. See *Mizell v. Passo*, 147 Ill. 2d 420, 425, 590 N.E.2d 449, 451 (1992); *Bochantin v. Petroff*, 145 Ill. 2d 1, 7, 582 N.E.2d 114, 117 (1991).

Guided by the reasoning in *Gibellina* and in *Winn*, we concluded that the trial court

7

had the discretion to determine whether to consider the plaintiffs' motion for leave to amend before considering Chrysler's venue motion. Based on this record, we cannot say that the trial court abused its discretion in ruling on the motion to amend before considering the venue motion.

Earlier in this decision, we noted that Chrysler had not established that it was prejudiced by the trial court's decision to consider the plaintiffs' motion to amend prior to considering its motion to transfer venue. Had the trial court considered Chrysler's venue motion first, it would have had to find that venue was improper under both the residency prong and the transaction prong of section 2-101 in order to sustain the motion. The record shows that the question of whether any part of the alleged transactions arose in Madison County was a contested factual matter which was never ruled on by the trial court. And while Chrysler has suggested on appeal that Enterprise Midwest and Enterprise St. Louis were not joined in good faith and were sued solely for purposes of fixing venue in Madison County, it did not obtain a ruling in the trial court on this contention. We cannot speculate on how the trial court would have decided these specific challenges to venue had it been asked to consider them.

In summary, we conclude that the trial court had the discretion to decide whether it would hear and rule on the plaintiffs' motion for leave to amend the complaint prior to considering Chrysler's motion to transfer venue and that the trial court did not abuse its discretion in granting the plaintiffs' motion for leave to amend. We reject Chrysler's contention that a trial court must decide a timely filed motion to transfer venue under section 2-104 prior to any other substantive motion.

Accordingly, the decision of the circuit court is affirmed and the cause is remanded for further proceedings.

8

Affirmed; cause remanded.

SPOMER, P.J., and McGLYNN, J., concur.

NO. 5-04-0591

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| RALPH KERN and ALAN LEWIS,<br>Individually and on Behalf of Others<br>Similarly Situated, | ) Appeal from the<br>) Circuit Court of<br>) Madison County.<br>) |
| Plaintiffs-Appellees, | )<br>) |
| v. | ) No. 04-L-145<br>) |
| DAIMLERCHRYSLER CORPORATION, | )<br>) |
| Defendant-Appellant, | )<br>) |
| and | )<br>) |
| ENTERPRISE RENT-A-CAR<br>COMPANY–MIDWEST, | )<br>) Honorable<br>) A. A. Matoesian, |
| Defendant. | ) Judge, presiding. |

_____

**Opinion Filed**:     April 17, 2006

_____

**Justices**:     Honorable James K. Donovan, J.,

Honorable Stephen L. Spomer, P.J., and
Honorable Stephen P. McGlynn, J.,
Concur

_____

**Attorneys**     Alan J. Dixon, Ann K. Covington, Kathy A. Wisniewski, John W. Rogers, Bryan
**for**             Cave LLP, One Metropolitan Square, 211 N. Broadway, Suite 3600, St. Louis,
**Appellant**     MO 63102

_____

**Attorneys**     Paul M. Weiss, Tod A. Lewis, Freed & Weiss, LLC, 111 West Washington Street,
**for**             Suite 1331, Chicago, IL 60602; Thomas G. Maag, Jeffrey A.J. Millar, The Lakin
**Appellees**     Law Firm, P.C., P.O. Box 229, 300 Evans Avenue, Wood River, IL 62095

_____