THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Plaintiff-Appellee, v. MARATHON OIL COMPANY, Defendant-Appellant.

Second District   No. 2—89—0964

Opinion filed July 26, 1990.—Rehearing denied September 6, 1990.

Robert J. Di Leonardi, of Di Leonardi & Broihier, Ltd., of Des Plaines (Kathryn E. Korn, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert E. Douglas and Malcolm E. Erickson, Special Assistant Attorneys General, of Oak Brook, of counsel), for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

In this eminent domain proceeding, the defendant, Marathon Oil Company (Marathon), appeals from the verdict of a jury in the circuit court of Du Page County, finding that the amount of just compensation for the property rights taken by the plaintiff, the Illinois Toll Highway Authority (the Tollway), in Marathon's property at the southeast corner of Army Trail and Swift Roads in the Village of Addison was $1,000 and that the resultant damage to the remaining portion of the property was $45,000. The property was suitably zoned for development as an automobile service station or various other commercial uses. Marathon challenges only the damages found and seeks a new trial solely as to the amount of damages to the remainder portion of its property.

Marathon asserts in its jurisdictional statement presented pursuant to Supreme Court Rule 341(e)(4)(ii) that its appeal is taken pursuant to Supreme Court Rule 301 and sections 2—1201 and 2—1202 of the Civil Practice Law, which permit appeals to be taken from a final

judgment on a jury verdict within 30 days after the denial of a timely post-trial motion. (134 Ill. 2d R. 341(e)(4)(ii) (amended May 18, 1988, effective Aug. 1, 1988); 107 Ill. 2d R. 301; Ill. Rev. Stat. 1987, ch. 110, pars. 2—1201, 2—1202.) In response, the Tollway states this court does not have jurisdiction to hear this appeal because no judgment has ever been entered on the jury's verdict. We agree.

Referring to a stamped notation on the signed jury verdict form which reads: "Order Entered in the Absence of the Assigned Judge," Marathon argues the only "order" to which the notation could conceivably refer is the entry of the "order" of judgment "upon the jury's report" as required by section 7—123(b) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1987, ch. 110, par. 7—123(b)). Claiming that eminent domain practice is essentially the same as in civil cases generally, Marathon argues the signed verdict also contains a handwritten notation reading: "Verdict received in open court on May 18, 1989 Tomas M. Magdich Circuit Judge," which shows that "there can be no question that it operates as the appealable final judgment in this case under Supreme Court Rule 301."

Notwithstanding these notations, we find the signed jury verdict cannot be equated with the final judgment necessary to vest this court with jurisdiction over the appeal.

Section 7—123(b) of the Code, upon which Marathon relies in its argument that this court has jurisdiction of the appeal, is entitled "Judgments." It provides in pertinent part:

> "[T]he court, upon the jury's report *** shall enter an order setting forth the amount of just compensation so finally ascertained and ordering and directing the payment of any amount thereof that may remain due to any of the interested parties, directing the return of any excess in the deposit remaining with the clerk of the court, and directing the refund of any excess amount withdrawn from the deposit by any of the interested parties, as the case may be." (Ill. Rev. Stat. 1987, ch. 110, par. 7—123(b).)

Although this section may indeed prescribe the components of the court's judgment on the verdict, we see nothing in the record before us which purports to be drawn along those lines.

The "Order Entered in the Absence of the Assigned Judge" notation more likely refers to the recordation of the verdict as required in section 7—118:

> "The jury shall, at the request of either party, go upon the land sought to be taken or damaged, in person, and examine the same, and after hearing the proof offered make its report

in writing, and the same shall be subject to amendment by the jury, under the direction of the court, so as to clearly set forth and show the compensation ascertained to each person thereto entitled, *and the verdict shall thereupon be recorded."* (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 7—118.)

We note additionally that section 7—128 of the Code provides:

"The court shall cause the verdict of the jury and the judgment of the court to be filed of record." Ill. Rev. Stat. 1987, ch. 110, par. 7—128.

■ Clearly, section 7—128 directs that a verdict *and* a judgment of the court be "filed of record." A "filing" implies delivery of a document to the appropriate party with the intent of having such document kept on file by that party in the appropriate place. (*Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 1007.) That there must be both a verdict and a judgment on the verdict comports with the usual rule in condemnation proceedings—"that the value is not determined and awarded until there is a verdict by the jury or court *and* an entry of a judgment on the verdict." (Emphasis added.) *Chicago Park District v. Downey Coal Co.* (1953), 1 Ill. 2d 54, 58.

■ Save for the signed jury verdict—which Marathon contends is adequate evidence of the judgment of the court—there is no evidence the court entered judgment on the verdict in any manner whatever: there is no report of proceedings showing an oral pronouncement of judgment, no signed judgment order, and no minute order (*Drulard v. Country Cos.* (1981), 99 Ill. App. 3d 1031) or law record book entry (*Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971) reflecting that the court ever entered judgment on the jury's verdict.

Moreover, the parties impliedly acknowledged subsequent to the jury's May 18, 1989, verdict that judgment had not yet been entered by the court. In an order drafted by counsel for Marathon which was entered on June 23, 1989, the following language appears:

*"This cause coming on for hearing on [the Tollway's] motion for entry of judgment,* and the court being advised that [Marathon's] post-trial motion is pending, and counsel for [the Tollway] having withdrawn the motion for judgment, it is hereby ordered that: 1) [the Tollway] may file a response to [Marathon's] post-trial motion within 21 days; and 2) [Marathon] may file a reply within 14 days thereafter. Counsel are directed to jointly contact Judge Magdich to schedule a hearing on the post-trial motion." (Emphasis added.)

Marathon's motion for a new trial on damages to the remainder prayed that *"the verdict* on damages to the remainder should be vacated, and a new trial should be granted on that issue only." (Emphasis added.) The Tollway's response concluded with a prayer that the court "deny [Marathon's] Motion for a New Trial *and enter judgment on the jury verdict as rendered."* (Emphasis added.) Marathon's reply requested that its new trial motion be granted "and *the verdict* on damages be set aside." (Emphasis added.)

The court's August 24, 1989, order denying Marathon's post-trial motion stated simply:

"It is hereby ordered

That defendants [*sic*] post trial motion is denied for the reasons stated on the record in open court."

The court's order did not include entry of judgment on the jury's verdict, as requested by the Tollway, and this court has not been provided with a report of the proceedings of the post-trial hearing or a bystander's report as permitted under Supreme Court Rule 323 (107 Ill. 2d R. 323(c)).

█▌█ The Civil Practice Law applies to eminent domain proceedings except as otherwise provided in Article VII of the Code governing such proceedings (Ill. Rev. Stat. 1987, ch. 110, pars. 1—108, 7—101 *et seq.*), and the supreme court rules as to appeals supersede all statutory provisions (*Town of Libertyville v. Moran* (1989), 179 Ill. App. 3d 880, 884). As to when a judgment is entered for purposes of appeal, Supreme Court Rule 272 provides in full:

"If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 107 Ill. 2d R. 272.

█▌ This rule changed prior procedure wherein a judgment at law was considered to be effective from the time of its pronouncement in open court as opposed to a chancery decree, which was deemed to be entered when the written document was filed or recorded. (*Drulard v. Country Cos.* (1981), 99 Ill. App. 3d 1031; *cf., e.g., Department of Public Works & Buildings v. Gieseking* (1969), 108 Ill. App. 2d 105, 109 ("In eminent domain, a judgment becomes effective when pronounced by the court and is not dependent upon the signing of an order; it is a law proceeding and not a chancery proceeding")).) As noted

above, section 7—128 of the Code requires that: "[t]he court shall cause the verdict of the jury and the judgment of the court to be filed of record." (Ill. Rev. Stat. 1987, ch. 110, par. 7—128.) Even assuming *arguendo* that the court's failure to comply with section 7—128 by requiring the submission of a form of written judgment to be signed by him would not defeat the finality of the judgment for purposes of appeal, the total absence of any "notation of judgment and [entry of] the judgment of record" as required by Supreme Court Rule 272 (107 Ill. 2d R. 272) does defeat it.

It is well established that this court has no jurisdiction to consider an appeal from a nonexistent judgment and that a jury's verdict or a trial judge's finding alone is not a judgment. (*Heavey v. Ehret* (1988), 166 Ill. App. 3d 347, 349.) Accordingly, this appeal is dismissed.

Dismissed.

DUNN and McLAREN, JJ., concur.