CAROLYN EISSMAN, Plaintiff-Appellant, v. PACE SUBURBAN BUS DIVISION OF THE REGIONAL TRANSPORTATION AUTHORITY, Incorrectly Sued as "The Regional Transportation Authority, a Municipal Corporation, and Pace Suburban Bus Division," et al., Defendants-Appellees.

First District (6th Division)   No. 1—98—1095

Opinion filed July 28, 2000.—Rehearing denied September 6, 2000.

Benjamin H. Cohen, of Schwartzberg, Barnett & Cohen, of Chicago, for appellant.

Robert J. Ambrose and Julie J. Trester, both of Querrey & Harrow, Ltd., of Chicago, for appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

In November 1994, plaintiff Carolyn Eissman was involved in a traffic accident with a Pace Suburban bus (Pace). In February 1995, she filed suit against Pace in the municipal department of the Cook County circuit court and the case was assigned for mandatory arbitration pursuant to Supreme Court Rule 86. 155 Ill. 2d R. 86. On July 11, 1996, plaintiff filed a motion to transfer the case to the law division, stating that she recently underwent surgery and that her damages now exceeded the monetary limit authorized for mandatory arbitration in Cook County. While the trial court ordered on July 18, 1996, that the case be transferred, no one notified the arbitration center of the trial court's transfer order. Arbitration proceeded and, on August 5, 1996, the arbitrators entered an award in Pace's favor. Plaintiff never rejected the arbitrator's award and on September 16, 1996, the trial court entered a judgment on the award. Plaintiff proceeded with her case in the law division, allegedly unaware of the arbitrator's award. After learning of the award, plaintiff filed a series of motions, including a petition to vacate the September 16, 1996, judgment pursuant to section 2—1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—1401 (West 1998)). In February 1998, the trial court denied plaintiff's petition. Plaintiff appeals, arguing that (1) the arbitrators had no authority to enter an award; and (2) the circuit court abused its discretion by denying her section 2—1401 petition. We vacate the September 16, 1996, judgment on the arbitrators' award and remand.

## I. BACKGROUND

In May 1996, plaintiff's case was scheduled for mandatory arbitration on August 2, 1996. On July 11, 1996, plaintiff alleged that her medical bills escalated to $22,000 and filed a motion to transfer her case to the law division. The supplemental record contains an unsigned and unnotarized affidavit bearing the name Elizabeth Markus. The affidavit's date was left blank, bearing the language "[s]ubscribed and [s]worn to [b]efore [m]e [t]his ___ [d]ay of October, 1996." This improper affidavit avers that Markus appeared in court on defendant's behalf on July 18, 1996, in response to plaintiff's motion. According to the affidavit, plaintiff failed to appear and the trial court struck the motion. The supplemental record contains a second affidavit from Markus, this one properly signed. In it, Markus avers that she signed the previous affidavit and that its contents were accurate. However, this second affidavit does not properly identify and incorporate the

first affidavit. In any event, the record indicates that Pace had knowledge of the motion and contains an order prepared by plaintiff's counsel and signed by Judge Victoria A. Stewart on July 18, 1996, transferring the case to the law division.

While Judge Stewart entered an order transferring plaintiff's case to the law division, no one presented the order to the arbitration center or otherwise informed the arbitrators that the case had been transferred. Pace states in its brief and through counsel's affidavit that it was also unaware that Judge Stewart transferred the case. On August 2, 1996, Pace appeared for the scheduled arbitration while plaintiff did not. The arbitrators found in Pace's favor specifically due to plaintiff's failure to appear. On August 5, 1996, the circuit court clerk mailed notice of the arbitration award to plaintiff's counsel. However, plaintiff failed to reject the award.

On September 16, 1996, Judge Sidney A. Jones III presided over the judgment on award call and entered a judgment on the arbitrators' award in Pace's favor. Also on September 16, 1996, Judge Jones entered an order prepared by plaintiff's counsel stating that the order transferring the case to the law division would stand. Pace's counsel, Robert H. Lang, averred in a properly executed affidavit that plaintiff was neither present nor notified, either personally or through counsel, of this order. Lang further averred that he appeared at a status call in the law division on September 18, 1996, and that plaintiff failed to appear. According to Lang's affidavit, he informed the court that the matter had been reduced to judgment in the municipal division. Judge Randye A. Kogan entered an order dismissing plaintiff's case in the law division for want of prosecution. Pace states in its brief (without support in an affidavit) that it learned of the case's existence in the law division and of the status call through the *Chicago Daily Law Bulletin*.

On October 1, 1996, plaintiff filed a motion to vacate the September 18, 1996, dismissal-for-want-of-prosecution order. However, on October 15, 1996, this motion was stricken from the call. On October 18, 1996, plaintiff filed an emergency notice of motion via facsimile seeking to vacate the September 18, 1996, dismissal-for-want-of-prosecution order. No indication exists in the record that the trial court ruled on this motion.

According to Lang's affidavit, on February 13, 1997, he verified that the September 16, 1996, judgment on the arbitrators' award had not been vacated. On that basis, he closed his files and purged all of the pleadings related to the case.

On July 15, 1997, plaintiff filed another motion to vacate the September 18, 1996, dismissal-for-want-of-prosecution order. On July

22, 1997, Judge Donald J. O'Brien granted plaintiff's motion, reinstated her claim, and set the matter for trial on November 20, 1997. According to Pace's brief, it never received notice of the July 15, 1997, motion to vacate and was neither present nor aware that Judge O'Brien granted it.

On November 6, 1997, plaintiff served Pace with notice that it intended to depose Dr. Ronald L. Silver. According to defendants' brief, this was the first document that it received from plaintiff in nearly 14 months. Pace, therefore, filed an emergency motion to strike the November 20, 1997, trial, arguing that the case had already been reduced to judgment on September 18, 1996, and as far as it knew, that judgment had never been vacated.

On November 17, 1997, Judge Jones ordered that the August 2, 1996, arbitration was lawful and that the September 16, 1996, judgment was proper. However, Judge Jones did not enter an order specifically pertaining to the November 20, 1997, trial date. Pace states in its brief, unsupported by an affidavit, that it appeared for the November 20, 1997, call. However, according to Pace, the case did not appear on the call and Pace learned from the clerk that the matter was not scheduled for trial on that date. The record indicates that, the same day, Judge Earl E. Strayhorn assigned the case to Judge Jones for a December 17, 1997, status call.

Also on November 17, 1997, plaintiff filed her petition to vacate the September 16, 1996, judgment on award of arbitration, pursuant to section 2—1401 of the Code. On February 13, 1998, following oral argument, Judge Jones specifically stated that plaintiff had a duty to notify the arbitration center but failed to do so. Judge Jones further stated that, "[w]here there are conflicting orders, the first order drawn is the one that gets entered. In this case, that would have been the judgment on award order. The intended disposition, that's the one entered." Finally, Judge Jones noted that plaintiff failed to attend status calls for her case, found that the transfer to the law division was procedurally deficient, and denied plaintiff's section 2—1401 petition. On March 19, 2000, plaintiff filed the instant appeal.

## II. ANALYSIS

Plaintiff first argues that the arbitrators lacked authority to enter an award because the case was no longer before them. We agree.

Plaintiff filed a motion before the circuit court seeking to transfer her case out of mandatory arbitration because her damages exceed the monetary limit for mandatory arbitration. Plaintiff clearly had the right to make such a request. As the committee comments to Supreme Court Rule 86(d) provide, "[a] claimant who believes he [or she] has a

reasonable basis for having the matter removed from an arbitration track may move the court for such relief prior to hearing." 155 Ill. 2d R. 86(d), Committee Comments.

Plaintiff argues that, once the court granted her motion to transfer, the arbitrators lost their authority to issue an award. We agree. Supreme Court Rule 90(a) (166 Ill. 2d R. 90(a)) "expressly grants to the arbitration panel the power to decide the law and the facts of the case." *Kolar v. Arlington Toyota, Inc.*, 286 Ill. App. 3d 43, 47, 675 N.E.2d 963, 966 (1996). Implicit in that grant of power is the requirement that the case be *before the arbitrators*. Indeed, a fundamental tenet of our jurisprudence is that a tribunal's authority is generally limited to the cases or controversies before it. See *Majewski v. Von Bergan*, 266 Ill. App. 3d 140, 143, 638 N.E.2d 1189, 1191-92 (1994) (finding that circuit court should have declined jurisdiction and deeming the circuit court's order void because the case had been transferred and was pending in another court).

While the term "jurisdiction" may not be strictly applicable to the arbitrators, the term may be used to refer to their authority to act, and the terms "jurisdiction" and "authority" have been used interchangeably in certain contexts. *Gilchrist v. Human Rights Comm'n*, 312 Ill. App. 3d 597, 601 (2000), citing *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243-44, 555 N.E.2d 693, 716-17 (1989); *Robinson v. Human Rights Comm'n*, 201 Ill. App. 3d 722, 726, 559 N.E.2d 229, 231 (1990). Some Illinois decisions have indeed referred to arbitrators' authority as "jurisdiction." See, *e.g.*, *Bankers Leasing Ass'n, Inc. v. Pranno*, 288 Ill. App. 3d 255, 264, 681 N.E.2d 28, 34 (1997) (finding that circuit court erred by ordering remand to arbitrator, "since the arbitrator no longer had jurisdiction to resolve the dispute"). In any event, decisions by a tribunal lacking jurisdiction of the parties or of the subject matter, or by a tribunal lacking the inherent power to enter the particular order involved, are void *ab initio*. See *R.W. Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309, 489 N.E.2d 1360, 1363 (1986); *Gilchrist*, 312 Ill. App. 3d at 601. While the tribunal at issue in *Gilchrist* was the Human Rights Commission, the same reasoning applies to the mandatory arbitration panel here.

While the arbitrators' award was not an actual judgment (see 155 Ill. 2d Rs. 92(b), (c)), the judgment entered by the circuit court relied upon the underlying award (hence the term "judgment on award"). We conclude that, if the underlying award is void, the judgment on it must also be void. A void judgment can be attacked at any time and need not comply with the requirements of section 2—1401 of the Code. *In re Marriage of Stefiniw*, 253 Ill. App. 3d 196, 202, 625 N.E.2d 358,

363 (1993); *Borcherding v. Anderson Remodeling Co.*, 253 Ill. App. 3d 655, 660, 624 N.E.2d 887, 892 (1993).

In a related argument, Pace argues that plaintiff failed to notify the arbitration administration that the case had been transferred, thereby precluding her from denying its authority to enter an award. Plaintiff disagrees. She argues that "[c]learly, *someone* should have notified the arbitration administration that the case was no longer subject to arbitration. But Circuit Court Rule 18.10 does not clearly assigning [*sic*] that duty." (Emphasis in original.) Pace characterizes plaintiff's argument as a "shameless" deviation from common sense.

Cook County Circuit Court Rule 18.10 governs orders relating to mandatory arbitration proceedings and states:

> "All orders of Court which affect a scheduled arbitration hearing shall be presented to the arbitration administration immediately following entry of the order by the [c]ourt. Presentation should be made in person unless other arrangements have been made with the arbitration administration." Cook Co. Cir. Ct. R. 18.10 (eff. April 1, 1994).

As plaintiff notes, Rule 18.10 does not specifically assign a duty to notify the arbitration administration of a transfer. Nevertheless, we conclude that a party seeking to transfer a case from arbitration is required to notify the arbitration administration. The law places such a burden on moving parties in other contexts. See, *e.g., Majewski*, 266 Ill. App. 3d at 144, 638 N.E.2d at 1192 (stating that the party filing a motion has the responsibility to request the trial judge to rule on it); *People v. Dylak*, 258 Ill. App. 3d 141, 143, 630 N.E.2d 164, 165 (1994) (noting that Supreme Court Rule 271 (134 Ill. 2d R. 271) generally requires the prevailing party seeking to have an order or judgment entered must prepare and present the order to the court). At the very least, a prudent and diligent attorney would have provided such notice and avoided, rather than exacerbated, the situation in which plaintiff finds herself. However, while the lack of diligence demonstrated by plaintiff's attorney may raise ethical considerations, it is insufficient to make a void judgment valid.

The crux of Pace's argument is, because plaintiff did not satisfy her responsibility to notify the arbitrators, the arbitrators retained authority to enter an award. However, Pace has failed to cite any authority for the proposition that notice to the arbitration administration is necessary to divest the arbitrators' authority. To the contrary, the arbitrators lost their authority to hear plaintiff's case when the circuit court judge entered the transfer order. See *Illinois State Toll Highway Authority v. Marathon Oil Co.*, 200 Ill. App. 3d 836, 840, 559 N.E.2d 497, 499-500 (1990) (recognizing that judgments or orders generally become effective when they are entered).

### III. CONCLUSION

For the foregoing reasons, we vacate the September 16, 1996, judgment on the arbitrators' award and remand for trial in the law division.

Vacated and remanded.

ZWICK, P.J., and CAMPBELL, J., concur.