2020 IL App (1st) 190973-U

No. 1-19-0973

Third Division
June 10, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RICHARD GASHEEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 2448 |
| | ) | |
| SLM PRIVATE EDUCATION LOAN | ) | Honorable |
| TRUST, | ) | Thomas R. Mulroy, Jr., |
| | ) | Judge, presiding. |
| Defendant-Appellee. | ) | |

_____

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**O R D E R**

¶ 1     *Held*:  The appeal is dismissed where the notice of appeal failed to confer jurisdiction on this court.

¶ 2     Following arbitration, defendant, SLM Private Education Loan Trust (SLM), was awarded $64,070.30 plus costs of $469 where plaintiff, Richard Gasheen, was found to owe the unpaid balance of a student loan.[1]  On May 17, 2019, the trial court entered judgment on the arbitration

_____

[1] In the trial court, SLM was the plaintiff and Gasheen was the defendant. However, Gasheen listed himself as the plaintiff and SLM as the defendant in his notice of appeal. Pursuant to our court rules, we follow the caption as it appears on the appellant's notice of appeal.

award in favor of SLM in accordance with the arbitrators' decision rendered on that same date. On May 8, 2019, prior to the court's entry of judgment on the award, Gasheen, proceeding *pro se*, filed his notice of appeal.

¶ 3     In his opening brief, Gasheen contends that SLM's claim should be dismissed with prejudice because the claim has "exceeded the statute of limitations;" SLM used false and misleading means in this case; and, the trial court failed to give a fair hearing or opportunity for "plaintiff" to properly present his case. He indicates that we have jurisdiction over this appeal pursuant to Supreme Court Rule 301(c) because the trial court's judgment ended a civil case. Because we find that jurisdiction is lacking, we dismiss this appeal.

¶ 4                                          I. BACKGROUND

¶ 5     On March 7, 2018, SLM filed a complaint against Gasheen, seeking to recover the unpaid balance owed under a student loan. The complaint requested a monetary judgment in the amount of $58,887.01 with an interest rate of 10.25% and court costs. Gasheen failed to file an answer to the complaint or to appear in court on the first court date. SLM moved for default judgment. On the next court date, October 3, 2018, Gasheen again failed to timely appear in court. The court continued the case to November 2, 2018 for "prove up on damages." Later, on October 3, 2018, Gasheen filed his appearance in the case, his answer to the complaint, and a motion to continue because he would not be available on November 2. Hearing on the motion was set for October 17, 2018. On that date, SLM failed to appear and the court dismissed the case for want of prosecution. On SLM's motion, the dismissal was vacated, and the case reinstated. On December 21, 2018, Gasheen alleged that he was the victim of fraud. The case

was then continued to February 1, 2019 to allow SLM to investigate the fraud claim. On February 1, 2019, the court referred the case to mandatory commercial arbitration.[2]

¶ 6 On March 14, 2019, on Gasheen's motion, the trial court entered an order resetting the date for mandatory arbitration from April 11, 2019 to May 3, 2019 and the date for judgment on the award or status of the rejection from April 25, 2019 to May 17, 2019. On May 2, 2019, Gasheen moved to continue arbitration, alleging an illness. The motion was denied, and arbitration proceeded on May 3, 2019 with all parties present. The arbitration award of $64,070.30 plus costs of $469 was submitted to the court on that same day. On May 8, 2019, Gasheen filed his notice of appeal. No rejection of the arbitrator's decision was filed, and, consistent with the court's March 14, 2019 scheduling order, the court entered judgment on the arbitration award on May 17, 2019.

¶ 7                                 II. ANALYSIS

¶ 8 SLM raises no issue regarding jurisdiction. Even so, this court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill.2d 209, 213 (2009). A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action. *R. W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill.2d 153, 159 (1998). If we determine that jurisdiction is lacking, this court must dismiss the appeal. *Uesco Industries, Inc. v. Poolman of Wisconsin, Inc.*, 2013 IL App (1st) 112566, ¶ 73.

---

[2] Pursuant to 735 ILCS 5/2-1001A, the Supreme Court of Illinois is authorized to provide for mandatory arbitration of civil actions as the Court deems appropriate and may adopt procedures for each judicial circuit to implement mandatory arbitration programs. 735 ILCS 5/2-1002A (West 2018); see Ill. S. Ct. R. 86, *et seq.* (eff. Jan. 1, 1994). The Circuit Court of Cook County has adopted rules of procedure governing mandatory commercial arbitration. See Cook Co. Cir. Ct. R. 25, *et seq.* (eff. Dec. 1, 2014). Pursuant to statute, the provisions of the Uniform Arbitration Act are not applicable to the Court's mandatory arbitration proceedings. See 735 ILCS 5/2-1006A (West 2018).

¶ 9        The Illinois Constitution gives the appellate court jurisdiction to review final judgments. Ill. Const. 1970, art. VI, § 6. The constitutional grant of authority is implemented through a series of supreme court rules. Supreme Court Rule 303(c) provides for the form and content of the notice of appeal. Ill. S. Ct. R. 303(c) (eff. July 1, 2017). Pursuant to the rule, the notice "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(3) (eff. July 1, 2017). "[A] notice of appeal confers jurisdiction on a court of review to consider only the judgments or part thereof specified in the notice of appeal." *Butrell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979). Additionally, the notice of appeal must be filed with the clerk of the circuit court within 30 days *after the entry of the final judgment appealed from*. (Emphasis added.) Ill. S. Ct. R. 303 (eff. July 1, 2017); *Archer Daniels Midland Co. v. Barth*, 103 Ill 2d 536, 538 (1984). " 'The timely filing of a notice of appeal is the only jurisdictional step for initiating appellate review.' " *J.P. Morgan Chase Bank, N.A. v. Bank of America, N.A.*, 2015 IL App (1st) 140428, ¶ 22 (quoting *People v. Patrick*, 2011 IL 111666, ¶ 20).

¶ 10        "A final judgment is a determination of the issues presented which ascertains and fixes absolutely and finally the rights of the parties." *Gallaher v. Hasbrouk*, 2013 IL App (1st) 122969, ¶ 23. We recognize a judgment as final if "nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 233 (2005). Contrarily, a judgment is not final, nor is it immediately appealable, "where the court reserves an issue for further consideration or otherwise manifests an intention to retain jurisdiction for the entry of a further order." *Djikas v. Graft*, 344 Ill. App. 3d 1, 8 (2003). A notice of appeal filed prior to a final judgement or disposition of a post trial motion is premature and does not confer jurisdiction on the appellate court. See *Marsh v. Evangelical*

*Covenant Church of Hinsdale*, 138 Ill. 2d 458, 469 (1990); see also *Stoermer v. Edgar*, 104 Ill.2d 287, 293 (1984) (citing *In re Marriage of Roberts*, 84 Ill. App. 3d 538 (1980) (notice of appeal filed prior to entry of final judgment is premature and will not confer jurisdiction)).

¶ 11    On the two-page form notice of appeal, Gasheen identifies the date of the judgment or order being appealed as March 14, 2019. [3] The space just below the date invites a description of the judgement or order being appealed. That space is left blank. Lower on the page, in the space provided for a statement of the relief being sought, are the words "Reverse the decision."

¶ 12    The court's March 14 order simply reset the date of the arbitration hearing and the subsequent judgment on the award or status of any rejection. A scheduling order cannot be appealed from as it is plainly not a final judgment on the merits, is not a post judgment order, and does nothing to determine the rights of the parties. Gasheen's May 8 notice of appeal failed to identify a final judgment and did not, therefore, conform to Rule 303. Thus, his notice of appeal of the trial court's March 14 scheduling order was insufficient to vest this court with jurisdiction. See Ill. S. Ct. R. 303(a) (eff. July 1, 2017).

¶ 13    We are mindful that mere technical errors in a notice of appeal may not in every instance defeat jurisdiction. See *Butrell*, 76 Ill. 2d at 433-35, and cases cited therein. Dismissal of an appeal is a harsh result; thus, it is generally accepted that a notice of appeal is to be liberally construed. *Id*. The notice of appeal serves the purpose of informing the prevailing party in the trial court that the unsuccessful litigant seeks review by a higher court. *Id*. The briefs, as opposed to the notice of appeal, specifies the precise points to be relied upon for reversal. Unless the appellee is prejudiced, absence of strict technical compliance with the form of the

---

[3] In his opening brief, Gasheen indicates that both entry of the judgment and the filing of his notice of appeal occurred on May 17, 2019. We find nothing in the record to indicate that Gasheen amended his May 8 notice of appeal to reflect the correct judgment date.

notice of appeal is not fatal, and where the deficiency in the notice is one of form only, as opposed to substance, jurisdiction in the appellate court is conferred. *Id*.

¶ 14     Even overlooking the "technical" deficiencies in the notice of appeal, Gasheen cannot overcome the jurisdictional bar. Jurisdiction is conferred only after final judgment or disposition of post judgment motion, and not one day sooner. See *Marsh*, 138 Ill. 2d at 469. Supreme Court Rule 92(a) defines an arbitration award as a determination in favor of a plaintiff or defendant. Ill S. Ct. R. 92(a) (eff. Jan. 1, 2017). An arbitration award is not an actual judgement. See Ill S. Ct. R. 92(b), (c) (eff. Jan. 1, 2017); see also *Eissman v. Pace Bus Div. of Regional Transp. Authority*, 315 Ill. App. 3d 574, 578 (2000). In fact, arbitration awards are not binding under our supreme court's rules as either party may reject the award. See Ill. S. Ct. R. 93 (eff. Jan. 1, 2017). Absent a filed rejection, a judge of the circuit court is authorized, both statutorily and pursuant to Supreme Court Rule, to enter the award as the judgment of the court. 735 ILCS 5/2-1005A (West 2018); Ill. S. Ct. R. 92 (eff. Jan. 1, 2017). The Committee Comments to Supreme Court Rule 92(c), provide that only the court may enter the judgment in a pending action. Ill. S. Ct. R. 92(c) (eff. Jan. 1, 2017); see also *Campbell v. Washington*, 223 Ill. App. 3d 283, 285 (1991).

¶ 15     On May 8th, the date that Gasheen filed his notice of appeal, only notice of the arbitration award had been submitted to the court. At that point, either Gasheen or SLM had a right to reject the arbitration award and to proceed to trial on the merits. See Ill. S. Ct. R. 93(a) (eff. Jan. 1, 1997). Here, judgment on the award would not come until days later, on May 17, and only in the event that neither Gasheen nor SLM filed a notice of rejection of the award. See Ill. S. Ct. R. 92(c) (eff. Jan. 1, 2017). No final judgment having been entered by May 8, Gasheen's

filing of the notice of appeal on that date was premature and jurisdiction in the appellate court did not vest.

¶ 16    Gasheen not only erroneously identified the date of the scheduling order as the date of the judgment/order from which he was appealing, his May 8 notice of appeal, which preceded the court's May 17 judgment was prematurely filed. Accordingly, this court does not have jurisdiction and we must, therefore, dismiss this appeal.

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we dismiss the appeal from the circuit court of Cook County.

¶ 19    Appeal dismissed.